IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

<table>
<tr><td>673753 ONTARIO LTD, d/b/a<br>TRAFFIX, n/k/a TRAFFIX GROUP<br>INC.,</td><td>§<br>§<br>§<br>§</td><td></td></tr>
<tr><td>Plaintiff,</td><td>§<br>§</td><td></td></tr>
<tr><td>V.</td><td>§<br>§</td><td>No. 3:23-cv-2042-S</td></tr>
<tr><td>QUICK TRUCKING LLC,</td><td>§<br>§<br>§</td><td></td></tr>
<tr><td>Defendant.</td><td>§</td><td></td></tr>
</table>

## MEMORANDUM OPINION AND ORDER

Plaintiff 673753 Ontario LTD d/b/a TRAFFIX n/k/a TRAFFIX Group Inc ("Traffix") has filed an amended motion for substituted service of process on Defendant Quick Trucking LLC ("Quick"). *See* Dkt. No. 11.

United States District Judge Karen Gren Scholer has referred the motion for substituted service to the undersigned United States magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 13; *see also Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).

### Background

This case concerns an alleged vehicle accident and damage of goods. *See* Dkt. No. 1 at 3. Traffix arranged for Quick to transport HVAC equipment from Texas to Tennessee. *See id.* at 2. Traffix alleges that "Quick's driver was involved in a collision while transporting the Goods," damaging the goods. *Id.* at 3. Traffix made a Cargo Loss and Damage Claim to Quick, but Quick did not pay the claim. *See id.*

Traffix brings a claim for liability under the Carmack Amendment, requesting $47,4141.40 in damages. *See id.* at 3-4.

Trend filed its complaint in this Court on September 12, 2023. *See id.* Summons was issued to Quick Trucking on September 13, 2023. *See* Dkt. No. 4. Traffix filed a motion for substituted service on November 17, 2023. *See* Dkt. No. 5. The Court granted the motion. *See* Dkt. No. 9. Traffix now files this amended motion for substituted service, stating that the address of attempted service – 358 Llano – was incorrectly stated in the original motion. *See id.*

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e) provides that "an individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

This Court is located in the state of Texas, and Traffix seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

(a) Unless the citation or court order otherwise directs, the citation must be served by:
    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
(b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named

in the statement but has not been successful, the court may authorize
service:

> (1) by leaving a copy of the citation and of the petition with
> anyone older than sixteen at the location specified in the
> statement; or
>
> (2) in any other manner, including electronically by social
> media, email, or other technology, that the statement or
> other evidence shows will be reasonably effective to give
> the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant
in person or by registered or certified mail are unsuccessful, a court may authorize
substituted service only after receiving the required sworn statement and only in a
manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b);
*State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be
served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of
citation electronically by social media, email, or other technology. In determining
whether to permit electronic service of process, a court should consider whether the
technology actually belongs to the defendant and whether the defendant regularly
uses or recently used the technology." Order Amending Texas Rules of Civil
Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020),
https://www.txcourts.gov/media/1449613/209103.pdf.'

Courts in this district have permitted substituted service by email, *see Sec. &*
*Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23,

2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

## ANALYSIS

Traffix files this amended motion for substituted service alleging the same facts as its original motion but correcting an inadvertent error in the address. *See* Dkt. No. 11 at 3. While Traffix stated in the original motion it attempted to serve Mr. Gebryohans at 358 Llano, Dallas, TX 75216, the correct address for Mr. Gebryohans – and the address Traffix actually attempted service at – is 358 Llano, Forney, Texas 75126. *See id.* Traffix submits a new sworn statement in support of its amended motion, declaring that the process server attempted to serve Mr. Gebryohans at his correct address, 358 Llano, Forney, TX 75126. *See* Dkt. No. 11-1 at 2. As the material

facts have not changed, the Court repeats its analysis below with reference to the updated documents.

Because Quick Truck LLC is a corporation, it may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," "following state law for serving a summons". FED. R. CIV. P. 4(h)(1)(A); (e)(1). "A corporation … must be served through an agent," and a corporation's agent may be served by the methods found in Texas Rule of Civil Procedure 106(b). *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. – Houston [1st District] 2013, no pet.); *see Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. EP-17-CV-00333-DCG, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018).

Traffix alleges that it has attempted to serve Quick's registered agent multiple times at two different addresses but has been unsuccessful. *See* Dkt. No. 11 at 2. It requests the Court to authorize service through attaching a copy of the Summons and Complaint with the Order for substituted service to the front door of Quick's registered agent Srafial Gebryohans's address, mailing a copy of the same by First Class Mail without requiring a signed receipt for delivery, or leaving the same with anyone over sixteen years old at Gebryohans's address. *See id.* at 5.

In support of its motion, Traffix attaches an affidavit from a process server, Ryan McColm, detailing his attempts to serve Quick through its registered agent Srafial Gebryohans. McColm's affidavit states:

- He attempted to serve Gebryohans at 2306 Julia Ln., Forney, Texas 75126 on October 5, 2023. The residence was vacant and for sale.

- He attempted to serve Gebryohans at 358 Llano, Forney, Texas 75126 on October 7, 2023. Mr. Gebryohans's wife answered and confirmed Gebryohans lived at the address but was traveling for the next two weeks. He left his card with Mr. Gebryohans's wife and requested Mr. Gebryohans call him.

- He attempted to serve Gebryohans again at 358 Llano, Forney, Texas 75126 on October 21, 2023 but no one answered the door. A vehicle registered to Mr. Gebryohans was in the driveway. McColm left his card.

- He attempted to serve Gebryohans again at 358 Llano, Forney, Texas 75126 on October 26 but no one answered. The card McColm left for Mr. Gebryohans during his last visit was gone.

- He attempted to serve Gebryohans a final time November 3, 2023, at 358 Llano, Forney, Texas 75126 but no one answered. McColm found that 358 Llano Dr., Forney, Texas 75126 is owned by Mr. Gebryohans according to a Kaufman CAD county search.

As exhibits to the affidavit, Traffix attaches copies of the vehicle registration for Gebryohans's car and the property search showing that Srafial Gebryohans owns the 358 Llano residence. *See* Dkt. No. 11-1 at 3-4.

McColm's affidavit meets the requirements set out in Rule 106.

While McColm does not state that 358 Llano, Forney, Texas 75126 is Gebryohans's "usual place of abode," McColm's affidavit provides sufficient evidence

that the address is Gebryohans's usual place of business, usual place of abode, or other place where he may be found. *See Pharmerica, Inc. v. DSJ Healthcare, Inc.*, No. 4:99-CV-242, 2010 WL 4962974, at *4 (E.D. Tex. Oct. 22, 2010) ("Use of the exact phrase 'usual place of business' is not required as long as the affidavit contains other information indicating Defendants' usual place of business or that the location named in the affidavit is a place where Defendants can probably be found."), *rep. & rec. adopted*, 2010 WL 4955724 (E.D. Tex. Dec. 1, 2010). Mr. Gebryohans's wife confirmed that Mr. Gebryohans lived at the address, and McColm saw Mr. Gebryohans's car in the driveway on one occasion. *See* Dkt. No. 11 at 5; *In Int. of C.L.W.*, 485 S.W.3d 537, 541-42 (Tex. App. – San Antonio 2015, no pet.) (holding that the affidavit did not need to state the address was the usual place of abode or business when the person to be served's car was in the driveway and a resident of the home informed the process server that the person to be served was not home, as the evidence provided was sufficient to conclude the address was the person to be served's usual place of abode); *accord Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 2217697, at *2 (Tex. App. – Houston [14th District] Sept. 23, 2003, no pet.) (holding that an affidavit stating the address was the person to be served's address and a resident confirmed the person to be served was inside the home but would not come to the door was sufficient to show the address was the person to be served's usual place of abode).

The Court notes that the attached property record identifies the residence as 358 Llano Dr. as opposed to 358 Llano but finds the omission of "Dr." to be a minor clerical error in light of the evidence the process server located Mr. Gebryohans's

correct usual place of abode. *See* Dkt. No. 11-1 at 4; *see Pharmerica*, 2010 WL 4962974, at *7 (finding that the return of service stating service was affected at "Shilo Road" instead of "Shiloh Road" did not invalidate service).

And so the evidence provided in the affidavit is sufficient to show 358 Llano, Forney, Texas 75126 is Srafial Gebryohans's usual place of abode.

Although Traffix does not attach a document proving Srafial Gebryohans is the registered agent for Quick Trucking Co., McColm's affidavit states that Gebryohans is Quick's registered agent. *See* Dkt. No. 11-1 at 1. While courts disagree whether this is sufficient, the Court finds that the affidavit provides prima facie evidence that Srafial Gebryohans is the registered agent for Quick Trucking LLC. *See Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 671-72 (Tex. App. – Houston [14th District] 2002, no pet.) (explaining disagreement in the courts but finding a "recital in the petition that a named person or entity is the registered agent for service on the defendant is prima facie evidence of that fact"). In declining to follow another Texas appellate court, the *Conseco* court noted that a majority of courts hold a petition naming a registered agent is prima facie evidence of that fact, following "the majority rule that allegations in the service documents are prima facie proof of capacity." *Id.* at 672.

The complaint here lists Srafial Gebryohans as the registered agent for Quick Trucking, and the affidavit states Srafial Gebryohan is the registered agent of Quick Trucking. *See* Dkt. No. 11-1 at 1; Dkt. No. 1 at 1. And so the Court finds there is sufficient evidence Srafial Gebryohans is the registered agent for defendant.

The Courts finds that effecting service on Gebryohans through leaving the required documents taped to the door of Gebryohans's residence or leaving a copy of the same with someone over sixteen years of age at the residence would be reasonably effective to give Quick Trucking notice of the suit. *See Heras v. Rapid Tax, Inc.*, No. 5:13-CV-498-DAE, 2014 WL 2481629, at *3 (W.D. Tex. June 3, 2014) (authorizing substituted service by leaving a copy of the required documents with anyone over sixteen years of age at the residence or affixing the required documents to the front door of the residence). Traffix also requests to substitute service through first class mail, and while this is "an accepted form of substituted service", the Court finds that posting the documents to Gebryohans's door or leaving the documents with a person over sixteen years of age "is a more calculated method to give [the] [d]efendant notice of pending litigation." *Id.* at *3 n.1 (finding posting the documents to the door "a more calculated method" to give notice of the pending litigation than through first class mail).

## CONCLUSION

The Court GRANTS Plaintiff's Motion for Substituted Service on Defendant Quick Trucking LLC [Dkt. No. 11], and orders substituted service through leaving the required documents with someone over sixteen years of age at 358 Llano Forney, Texas, 75126 or posting the required documents to the front door of the 358 Llano residence.

SO ORDERED.

DATED: December 29, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE